NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 21, 2015[*]
Decided April 23, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-3766

| | |
|---|---|
| ROBERT R. BANKS, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 13-cv-1336-JPG-PMF |
| PRESTON HUMPHREY, LLC, et al., *Defendants-Appellees*. | J. Phil Gilbert, *Judge*. |

## O R D E R

Robert Banks, a Louisiana prisoner, is suing Alok Kale, the court-appointed attorney who represented him in a 2003 drug prosecution. Along with Kale, Banks has also sued Kale's former law firm, Preston Humphrey, LLC, and an unnamed insurance company. He brings only state-law claims—breach of fiduciary duty, constructive fraud, and fraudulent misrepresentation and concealment—and seeks damages. The district

---

[*] Two appellees were not served with process in the district court and are not participating in this appeal. The third appellee participated in the district court, but declined to participate in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

court dismissed Banks's claims against Kale and the insurance company without prejudice for failure to serve, and dismissed the claims against Preston Humphrey with prejudice for failure to state a claim. We conclude, however, that the district court lacked subject-matter jurisdiction because Banks's claims do not meet the amount in controversy required for diversity jurisdiction. *See* 28 U.S.C. § 1332.

Banks bases his claims on a form that Kale used to request from the court payment for representing Banks during the criminal proceedings. In seeking payment, Kale checked "yes" to the question, "[o]ther than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything of value) from any other source in connection with this representation?" The criminal case ended with Banks pleading guilty to several counts of conspiracy to distribute controlled substances. He was sentenced to 360 months' imprisonment. Banks's later petition under 28 U.S.C. § 2255, asserting that his counsel was ineffective, was denied, s*ee Banks v. United States*, No. 08-CV-00063-JPG (S.D. Ill. 2009), as was his request for a certificate of appealabililty and his request for authorization to file a second or successive petition under 28 U.S.C. § 2244(b)(3)(A). *See Banks v. United States*, No. 09-1544 (7th Cir. 2009).

Nearly 10 years after Kale submitted his payment form, Banks filed this suit. He alleges that, by answering "yes" and saying nothing more, Kale failed to disclose from whom he was receiving compensation. Banks contends that Kale's advice, which Banks accepted, to plead guilty was compromised by the undisclosed source of funds. Invoking only state law, he demands $40,000,000 in compensatory damages and $80,000,000 in punitive damages.

Preston Humphrey filed a motion to dismiss that, among other things, challenged Banks's ability to satisfy the $75,000 amount-in-controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Bypassing that argument, the district court dismissed Banks's claims against Preston Humphrey for failure to state a claim. It explained that Banks had not articulated how Kale's representation prejudiced him. The court dismissed Kale and the insurance company after Banks was unable to serve them. After the district court entered judgment, Banks filed a post-judgment motion that, in part, asked the district judge to recuse himself because he had granted the defendant's motion to dismiss after it failed to comply strictly with the service-of-process rules. Because Banks relied solely on the judge's adverse judicial rulings to support his request for recusal, the district court properly omitted any discussion of Banks's request in denying the post-judgment motion. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

On appeal Banks raises three arguments. First, he contends that the district judge should have recused himself because he had presided over Banks's criminal case and approved the form that Kale submitted. Second, Banks asserts that the district court erred in granting the defendant's motion to dismiss because the defendant failed properly to serve him with the motion. Finally, Banks insists that Kale was properly served with the complaint in the district court, and thus, the court should not have dismissed him from the lawsuit.

We need not address Banks's arguments, however, because this case does not fall within federal subject-matter jurisdiction. Jurisdiction is the first question in every federal case. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *Büchel-Ruegsegger v. Büchel*, 576 F.3d 451, 453 (7th Cir. 2009). When Banks filed his complaint, he invoked diversity jurisdiction, *see* 28 U.S.C. § 1332, and Preston Humphrey challenged his allegation of the amount in controversy. To answer that challenge, Banks may not rest on his complaint alone. *See McMillian v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 844–45 (7th Cir. 2009); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). He "must come forward with competent proof that [he has] satisfied the jurisdictional threshold and not simply point to the theoretical possibility of recovery for certain categories of damages." *McMillian*, 567 F.3d at 845. But when Banks responded to Preston Humphrey's motion to dismiss, he said only that he "contests" the defendant's challenge to the jurisdictional threshold and that a jury should decide it. He offered no reason to believe that he could satisfy it.

This omission is both fatal and understandable. As a matter of law Banks may not recover any damages in this suit for a wrongful conviction. Because Banks did not pay Kale to represent him, the only plausible damages to Banks from Kale's allegedly compromised advice to plead guilty would be for the time that Banks has been wrongly incarcerated. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1384–85 (2012) (reiterating that two-part *Strickland v. Washington* test for ineffective assistance applies to representation during plea negotiations and prejudice is shown when there is reasonable probability that defendant would not have pleaded guilty but for counsel's errors); *Hill v. Lockhart*, 474 U.S. 52, 56–67 (1985) (explaining that defendant can assert ineffective assistance to attack guilty plea as involuntary where he relied on advice of counsel that fell below objective "range of competence"). But his conviction is intact. Therefore *Heck v. Humphrey*, 512 U.S. 477 (1994), eliminates the possibility of damages for a wrongful conviction because prevailing on that claim would necessarily imply the invalidity of an intact conviction. *Id.* at 486–87; *see Northfield Ins. Co. v. City of Waukegan*, 701 F.3d 1124, 1133 (7th Cir. 2012).

We have considered whether Banks has asserted any claims that avoid *Heck* and satisfy the amount-in-controversy requirement. He has not articulated any, and we cannot see any in his complaint. Even if he did not contest the validity of his conviction or seek actual damages arising from it, and pursued only punitive damages for Kale's alleged failure to disclose the source of third-party funds, Banks could not meet the amount-in-controversy threshold. Punitive damages are not available under Illinois law for legal malpractice unless the attorney's omission was intentional. *See* 735 ILCS 5/2-1115; *Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 783–84 (7th Cir. 2013); *Cripe v. Leiter*, 683 N.E.2d 516, 518–19 (Ill. App. Ct. 1997). And Banks has not alleged that Kale intended to conceal information from Banks. He alleges only that Kale "failed to disclose" his receipt of third-party funds. He uses labels like "fraud," but legal conclusions are not sufficient without a general allegation of intent, *see* FED. R. CIV. P. 9(b), and Banks raises none. Accordingly Banks's complaint suggests at most only a breach of professional duty, not intentional misconduct, necessarily eliminating the theoretical possibility of punitive damages to satisfy the amount-in-controversy requirement.

Accordingly, we AFFIRM the judgment of the district court but we MODIFY the judgment so that all of Banks's claims are dismissed without prejudice.